**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>    PLA FOUR 107 LLC,<br><br>                                    Debtor. | Chapter 11<br>Case No. 24-16217 (VFP)<br><br>Hearing Date: July 1, 2025<br>Hearing Time: 11:00 a.m. |

Order Filed on July 2, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER GRANTING MOTION OF 107 NEW STREET OWNER LLC, ACTING ON
BEHALF OF THE DEBTOR'S ESTATE  SEEKING ENTRY OF AN ORDER (I)
APPROVING SETTLEMENT AGREEMENT BETWEEN  (A) PLA FOUR 107 LLC, BY
AND THROUGH 107 NEW STREET OWNER LLC (B) 107 NEW STREET OWNER
LLC, (C) PL AW FUNDING II LLC, AND (D) AW RE BRIDGE CREDIT
FUND, LLC AND (II) GRANTING RELATED RELIEF**

The relief set forth in the following pages, numbers (2) through (8) is ORDERED.

**DATED: July 2, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Upon the *Motion of 107 New Street Owner LLC, Acting On Behalf of the Debtor's Estate Seeking Entry of an Order (i) Approving Settlement Agreement Between  (a) PLA Four 107 LLC, By and Through 107 New Street Owner LLC (b) 107 New Street Owner LLC, (c) PLAW Funding II LLC, and (d) AW RE Bridge Credit Fund, LLC and (ii) Granting Related Relief* [Docket No. ___] (the "Motion")[1]; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Parties negotiated the terms and conditions of the Settlement Agreement in good faith, at arm's length, and free of any collusion; and this Court having found that the terms and conditions contained in the Settlement Agreement are fair, equitable, reasonable and in the best interests of the Debtor, its estate, creditors and equity holders and is a valid and sound exercise of the Debtor's business judgment, by and through the Lender, and should be approved; and this Court having found that the Lender's notice of the Motion was sufficient under the circumstances and that no other of further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**.

---

[1] Capitalized terms used not defined herein have the meanings ascribed to such terms in the Motion or the Settlement Agreement, as applicable

2.      The Settlement Agreement attached hereto as **Exhibit 1** and all of the terms thereof are hereby approved.

3.      The Lender is hereby authorized and empowered to enter into the Settlement Agreement, on behalf of the Debtor, the Debtor's estate, and all of the Debtor's successors and affiliates, and to take any and all actions necessary and appropriate to consummate and perform the terms and conditions of the Settlement Agreement.

4.      To the extent necessary, the Lender and the Arbor Parties are also authorized to enter into and take any and all actions necessary and appropriate to consummate and perform the terms and conditions of the Settlement Agreement.

5.      The following releases set forth in the Settlement Agreement are hereby approved:

     i.      <u>Acrewood and Joint Venture Releases</u>.  In consideration of the Settlement Payment together with the other terms and conditions of this Agreement, Acrewood and the Joint Venture, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, other advisors (the "<u>Acrewood Releasors</u>") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Debtor and the Debtor's bankruptcy estate, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors  (collectively, the "<u>Debtor Releasees</u>") and Lender and each of its respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors  (collectively, the "<u>Lender</u>

3

Releasees") of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the Adversary Proceeding, which the Acrewood Releasors may have had or claims to have had, or now have or claim to have, or hereafter may have or claim to have, or could have asserted, whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action, Acrewood v. Caleca (except as clarified below in this paragraph), the Adversary Proceeding, the Judgment (except as clarified below in this paragraph), the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.  For the avoidance of doubt, except as set forth in this Agreement, neither Acrewood nor the Joint Venture is releasing any claims each may have against Town Title or any other named defendants in the Acrewood v. Arbor State Court Action, Acrewood v.

Caleca, the Judgment, or the Adversary Proceeding. Further for the avoidance of doubt, Acrewood and the Joint Venture are only releasing Debtor and Debtor's bankruptcy estate, and not all Debtor Releasees, from claims connected with and/or related to the subject matter of Acrewood v. Caleca and the Judgment.

ii.   Debtor Releases.  In consideration of the dismissals and withdrawals of claims required by this Agreement together with the other terms and conditions of this Agreement, Debtor and Debtor's bankruptcy estate, by and through Lender as duly authorized under the Standing Order (the "Debtor Releasors") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge Acrewood, the Joint Venture, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors (collectively, the "Acrewood Releasees") and the Lender Releasees of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the

5

Adversary Proceeding, which the Debtor Releasors may have had or claims to have had, or now has or claims to have, or hereafter may have or claims to have, or could have asserted, for, upon, , whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, the Adversary Proceeding, the Judgment, the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.

iii.   Lender Releases.  In consideration of the dismissals and withdrawals of claims required by this Agreement together with the other terms and conditions of this Agreement, Lender and each of its respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, other advisors (the "Lender Releasors") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Acrewood Releasees of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to

6

the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the Adversary Proceeding, which the Lender Releasors may have had or claims to have had, or now has or claims to have, or hereafter may have or claims to have, or could have asserted, for, upon, , whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, the Adversary Proceeding, the Judgment, the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.

6.      Upon the Effective Date, the Parties are hereby authorized to file any documents reasonably necessary to effectuate the contemplated dismissal of the Adversary Proceeding and the Joint Venture v. Arbor State Court Action and the termination of the Deed Restriction and Right of First Refusal, including without limitation, Exhibit A, Exhibit B and Exhibit C to the Motion.

7.      Upon the Effective Date, all of the Arbor Parties claims in the Bankruptcy Case shall be hereby deemed to be withdrawn with prejudice against the Debtor and the Debtor's bankruptcy estate on the Debtor's claims register, without the need for any further action, including without limitation, Claim No. 5 filed by the Joint Venture, Claim No. 6 filed by Acrewood on behalf of Lender, and Claim No. 7 filed by Acrewood.

7

8.      This Order and the Settlement Agreement are binding upon, and shall inure to the benefit of, the Parties and their respective administrators, successors and assigns, including, without limitation, any successor to the Debtor and the Debtor's estate, including without limitation, any Chapter 7 trustee.

9.      The terms and conditions of this Order are immediately effective and enforceable upon its entry, and for the avoidance of doubt the stays provided for by Rules 4001(a)(3) and 6004(h) of the Federal Rules of Bankruptcy Procedure, if and to the extent applicable, shall be, and hereby are, waived.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     The requirement set forth in Local Rule 9019-3 that the Debtor file a notice of proposed compromise or settlement is hereby deemed satisfied by the contents of the Motion and Settlement Agreement or otherwise waived.

12.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of this 4th day of June 2025, and states the full and complete terms of the Agreement, which has been reached between (a) PLA Four 107 LLC (the "Debtor"), by and through 107 New Street Owner LLC (together with all affiliates and predecessors-in-interest, including without limitation Arbor Commercial Funding I, LLC, Arbor Private Label, LLC, and all other direct and indirect subsidiaries of Arbor Realty Trust, Inc., the "Lender"), (b) 107 New Street Owner LLC, (c) PL AW Funding II LLC ("Joint Venture"), and (d) AW RE Bridge Credit Fund, LLC ("Acrewood"), concerning the settlement of the disputes described in this Agreement.  Debtor, Lender, the Joint Venture and Acrewood are hereinafter collectively referred to as the "Parties" and each separately is referred to as a "Party."

WHEREAS, Debtor is a special purpose entity organized solely for the purpose of acquiring, owning, and operating the real property located at 107 New Street, East Orange, NJ 07017 (the "Debtor Property");

WHEREAS, on or about September 23, 2021, Acrewood formed the Joint Venture with the Debtor's manager, Thomas J. Caleca ("Caleca"), who operated through PLAW 125 LLC ("PLAW 125"), and in connection with the Joint Venture, a certain Deed Restriction and Notice of Purchase Option (the "Deed Restriction") was recorded against the Debtor Property with the Essex County Register of Deeds and Mortgages on or around October 6, 2021, and a certain Right of First Refusal Agreement ("Right of First Refusal") was recorded against the Debtor Property with the Essex County Register of Deeds and Mortgages on or around August 10, 2023;

WHEREAS, on or about November 9, 2021, Lender extended a loan to Debtor in the principal amount of $9,460,000.00 (the "Debtor Mortgage Loan"), secured by a mortgage on the property known as 107 New Street, East Orange, New Jersey 07019 (the "Debtor Property");

WHEREAS, on or around August 25, 2023, Acrewood commenced an action against Caleca, PLAW 125, and the Debtor, among others, captioned *AW RE Bridge Credit Fund, LLC et al. v. Caleca* et al., ESX-L-005524-23 (N.J. Super. Ct. Essex Cnty.) ("Acrewood v. Caleca"), and on November 3, 2023, a default judgment was entered in favor of Acrewood against the Debtor, among others (the "Judgment");

WHEREAS, on or around August 25, 2023, Acrewood commenced a second action, by and through the Joint Venture, against the Lender and the Debtor, among others, captioned *PL AW Funding II LLC v. Arbor Private Label, LLC* et al., ESX-C-000207-23 (N.J. Super. Ct. Chancery Div. Essex Cnty.) (the "Joint Venture v. Arbor State Court Action"), and in the Joint Venture v. Arbor State Court Action, Acrewood sought, among other things, to void and vacate the Debtor Mortgage Loan on the basis of the Deed Restriction;

WHEREAS, on June 11, 2024, the Lender filed suit against the Debtor, among others, with notice to Acrewood, to foreclose on the Debtor Mortgage Loan and to have a receiver appointed over the Debtor Property (the "Debtor Property Foreclosure");

1

**WHEREAS**, on June 20, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Chapter 11 ~~Case No. 24~~-16217 (VFP) (the "Bankruptcy Case"), which resulted in the automatic stay of the Joint Venture v. Arbor State Court Action and the Debtor Prop~~erty Foreclosure;~~

**WHEREAS**, on September 16, 2024, Lender filed a motion in the Bankruptcy Case seeking entry of an order granting leave, standing, and authority to commence, prosecute, and, if appropriate, settle certain causes of action on behalf of the Debtor's estate. On October 8, 2024, the Bankruptcy Court entered an *Order Granting Leave, Standing and Authority to Commence, Prosecute, and, if Appropriate, Settle Certain Causes of Action on Behalf of the Debtor's Estate* (the "Standing Order");

**WHEREAS**, on October 24, 2024, in accordance with the terms of the Standing Order, Lender, on behalf of the Debtor's estate, commenced Adversary Proceeding No. 24-01606 (the "Adversary Proceeding") against the Joint Venture and Acrewood wherein the Debtor's estate sought to avoid claims filed in the Bankruptcy Case by Acrewood and the Joint Venture as ~~fraudulent conveyances~~ pursuant to 11 U.S.C. §§ 544, 548(a)(1)(A), 548(a)(1)(B) and 550 and NJ Rev Stat §§ 25:2-25(a)(1) and 25:2-25(a)(2);

**WHEREAS**, on November 22, 2024, the Joint Venture and Acrewood filed an answer and counterclaims in the Adversary Proceeding seeking a judgment declaring, among other things, that the Debtor Mortgage Loan is void;

**WHEREAS**, on December 6, 2024, the Joint Venture and Acrewood commenced a third-party action against Town Title Agency, LLC ("Town Title") in the Adversary Proceeding by filing a Third Party Complaint (the "Third Party Complaint"), which was amended on January 27, 2025, seeking a judgment against Town Title ~~arising fro~~m alleged negligence, fraud, civil conspiracy and aiding and abetting ~~fraud, and which was~~ dismissed with leave to further amend by oral order on or around May 6, 2025;

**WHEREAS**, on March 3, 2025, the Bankruptcy Court entered an order directing the Parties to mediate the disputed issues in the Adversary Proceeding and appointed Morris S. Bauer as the mediator (the "Mediator"), and on April 29, 2025, the Parties attended a mediation session with the Mediator, which resulted in the Parties reaching a settlement, subject to this written settlement agreement~~, except~~ that Town Title did not reach agreement with any of the Parties during the Mediation, and is expressly excluded from any of the obligations or benefits of this Agreement; and

**WHEREAS**, to avoid the costs of continued litigation, the Parties desire to fully and finally resolve and settle their disputes pursuant to the terms of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt, adequacy, and sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1.      Recitals. The Recitals set forth above are expressly incorporated into the body of this Agreement as if fully set forth herein.

2.      Effective Date. This Agreement between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a written order or the "So Ordering" of this Agreement (an "Approval Order").  The "Effective Date" of this Agreement shall be the date on which an Approval Order becomes final and non-appealable, which shall be deemed to occur on the expiration of the fourteenth (14th) day following entry of the Approval Order, provided no appeal appeal of or motion for relief from the Approval Order is filed. If this Agreement is not approved by the Bankruptcy Court for any reason, the Agreement shall be of no force and effect. The parties will use best efforts to submit a motion seeking the Approval Order within ten (10) days of the execution hereof.

3.      Settlement Payment. Within seven (7) days after the Effective Date, Lender shall pay Four Hundred Twenty-Five Thousand Dollars ($425,000) to Acrewood by wire transfer(s) pursuant to wire instructions to be provided in writing by Acrewood (the "Settlement Payment").

4.      Dismissal of Joint Venture v. Arbor State Court Action.  Within seven (7) days after Acrewood's receipt of the Settlement Payment, the Joint Venture shall file a stipulation of dismissal of the Joint Venture v. Arbor State Court Action in the form annexed hereto as **Exhibit A**, providing for the dismissal with prejudice of  any and all claims in the Joint Venture v. Arbor State Court Action brought by the Joint Venture against (a) Debtor, (b) Arbor Private Label, LLC, and (c) Wilmington Trust, National Association, as Trustee for the Benefit of Beneficial Owners of Arbor Multifamily Mortgage Securities Trust 2022-MF4, a former owner and holder of the Debtor Mortgage Loan as predecessor-in-interest to the Lender (the "Trust"), and of any and all cross-claims and third-party claims brought by the Trust in the same action. Nothing herein shall be deemed to require the Joint Venture to dismiss any claims pending in the Joint Venture v. Arbor State Court Action against any other party, and the Joint Venture hereby reserves all rights against other named defendants.  All Parties shall execute such stipulations or other documents as are reasonably required to effectuate the terms of this paragraph.

5.      Dismissal of Adversary Proceeding.  Within seven (7) days after the Effective Date, Debtor, by and through Lender, on the one hand, and Acrewood and the Joint Venture, on the other hand, shall file a stipulation of dismissal in the form annexed hereto as **Exhibit B** providing for the dismissal with prejudice of the Debtor's claims, brought by and through the Lender, and the Joint Venture's Counterclaims in the Adversary Proceeding.  Nothing herein shall be deemed to require the Joint Venture or Acrewood to dismiss their Third-Party Complaint in the Adversary Proceeding, and the Joint Venture and Acrewood hereby reserve all rights relating to their Third-Party Complaint.  All Parties shall execute such stipulations or other documents as are reasonably required to effectuate the terms of this paragraph.

6.      Withdrawal and Waiver of Claims Against Bankruptcy Estate. On the Effective Date, Acrewood and the Joint Venture shall hereby be deemed to withdraw with prejudice all of their claims in the Bankruptcy Case against the Debtor and the Debtor's bankruptcy estate without the need for any further action, including without limitation, Claim No. 5 filed by the Joint Venture, Claim No. 6 filed by Acrewood on behalf of Lender, and Claim No. 7 filed by Acrewood.  Within fourteen (14) days after the Effective Date, Acrewood or the Joint Venture, as applicable, shall file

3

a Notice of Withdrawal of all of their claims in the Bankruptcy Case so that the official claims register reflects the withdrawal of claims. The Joint Venture and Acrewood hereby authorize Lender to file a notice of withdrawal of all Acrewood and the Joint Venture claims in the Bankruptcy Case in the event the Joint Venture or Acrewood fail to timely file such notice of withdrawal.

7.    Termination and Discharge of Deed Restriction and Right of First Refusal. Within seven (7) days after Acrewood's receipt of the Settlement Payment, the Joint Venture shall submit to the Essex County Register of Deeds and Mortgages for recordation a Termination of Deed Restriction and Notice of Purchase Option and Right of First Refusal Agreement (the "Termination Notice") as to both (i) that certain Deed Restriction and Notice of Purchase Option submitted for recording on or around October 6, 2021, and (ii) that certain Right of First Refusal Agreement submitted for recording on or around August 10, 2023 (collectively, the "Discharge Notices"), in the form annexed hereto as **Exhibit C**.  The Joint Venture hereby authorizes Lender to submit the Termination Notice to the Essex County Register of Deeds and Mortgages for recordation in the event the Joint Venture fails to timely submit the Discharge Notices in accordance with the terms of this paragraph. The Joint Venture and Acrewood shall execute such other documents as may be reasonably requested by Lender to evidence the removal of the Deed Restriction and the Right of First Refusal from title to the Debtor Property.

8.    Acrewood and Joint Venture Releases.  In consideration of the Settlement Payment together with the other terms and conditions of this Agreement, Acrewood and the Joint Venture, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, other advisors (the "Acrewood Releasors") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Debtor and the Debtor's bankruptcy estate, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors  (collectively, the "Debtor Releasees") and Lender and each of its respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors  (collectively, the "Lender Releasees") of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the Adversary Proceeding, which the Acrewood Releasors may have had or claims to have had, or now have or claim to have, or hereafter may have or claim to have, or could have asserted, whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action, Acrewood v. Caleca (except as clarified below in this paragraph), the Adversary Proceeding, the Judgment (except as clarified below in this paragraph), the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.  For the avoidance of doubt, except as set forth in this Agreement, neither Acrewood nor the Joint Venture is releasing

4

any claims each may have against Town Title or any other named defendants in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, the Judgment, or the Adversary Proceeding. Further for the avoidance of doubt, Acrewood and the Joint Venture are only releasing Debtor and Debtor's bankruptcy estate, and not all Debtor Releasees, from claims connected with and/or related to the subject matter of Acrewood v. Caleca and the Judgment.

9. Debtor Releases. In consideration of the dismissals and withdrawals of claims required by this Agreement together with the other terms and conditions of this Agreement, Debtor and Debtor's bankruptcy estate, by and through Lender as duly authorized under the Standing Order (the "Debtor Releasors") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge Acrewood, the Joint Venture, and each of their respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, and other advisors (collectively, the "Acrewood Releasees") and the Lender Releasees of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the Adversary Proceeding, which the Debtor Releasors may have had or claims to have had, or now has or claims to have, or hereafter may have or claims to have, or could have asserted, for, upon, , whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, the Adversary Proceeding, the Judgment, the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.

10. Lender Releases. In consideration of the dismissals and withdrawals of claims required by this Agreement together with the other terms and conditions of this Agreement, Lender and each of its respective shareholders, members, partners, officers, directors, agents, successors, assigns, parents, affiliates, employees, attorneys, other advisors (the "Lender Releasors") hereby irrevocably, fully, finally, and forever release, remise, extinguish, absolve, acquit, and discharge the Acrewood Releasees of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damage, consequential damages, compensatory damages, punitive damages, judgments, extents, executions, claims, counterclaims, and demands whatsoever, in law, admiralty, or equity, from the beginning of the world to the date hereof, whether known or unknown, suspected or unsuspected, whether asserted or not asserted in the Acrewood v. Arbor State Court Action, Acrewood v. Caleca, or the Adversary Proceeding, which the Lender Releasors may have had or claims to have had, or now has or claims to have, or hereafter may have or claims to have, or could have asserted, for, upon, , whether known or unknown, suspected or unsuspected, at any time from the beginning of the world through and including the execution of this Agreement, arising out of, or in any manner whatsoever, directly or indirectly, connected with and/or related to the subject matter of the Acrewood v. Arbor State Court Action,

Acrewood v. Caleca, the Adversary Proceeding, the Judgment, the Debtor Property, the Debtor Mortgage Loan, the Deed Restriction, the Right of First Refusal or the Debtor Property Foreclosure.

11.    <u>No Admissions</u>.  The Parties agree that this is a compromise in settlement of the disputed matters and shall not be deemed or construed to be an admission of liability or responsibility of any kind.

12.    <u>Entire Agreement</u>. The Agreement, including all exhibits annexed hereto, constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof, and supersedes all other prior discussions, agreements, and/or understandings, both written and oral, among the Parties with respect thereto.

13.    <u>Choice of Law and Jurisdiction</u>.  All questions concerning the construction, validity, interpretation, and/or performance of the Agreement shall be governed by New Jersey State law, without giving effect to that state's principles regarding conflict of laws. The Bankruptcy Court shall retain jurisdiction to enforce the terms of the Agreement. The parties hereto agree to waive trial by jury in any action, proceeding or counterclaim brought by or on behalf of any party with respect to this Agreement

14.    <u>Joint Drafting</u>. The Agreement shall be deemed to have been prepared jointly by the Parties hereto.  Any ambiguity or uncertainty existing herein shall not be interpreted or construed against any Party hereto.

15.    <u>Consultation with Counsel</u>.  In connection with the negotiation and execution of the Agreement, the Parties hereto acknowledge that they have each had the benefit of representation by independent legal counsel, and understand and agree to be bound by the terms set forth in the Agreement.

16.    <u>Attorneys' Fees</u>. In the event that any Party hereto commences litigation regarding this Agreement and/or the subject matter hereof, the prevailing Party (pursuant to a final judgment, order or decree issued by a court of competent jurisdiction) shall have the right to collect from the other Party its reasonable costs and necessary disbursements and reasonable attorney's fees incurred in such litigation.

17.    <u>Representation of Authority</u>. Each Party hereto represents and warrants:  (i) that it has the requisite power and authority to enter into and deliver the Agreement, and to carry out and perform its obligations hereunder; and (ii) that the execution and delivery of the Agreement by each Party hereto has been duly and validly authorized, and that, upon execution and delivery by each Party, the Agreement shall constitute the legal, valid, and binding obligation thereof, enforceable against it in accordance with its terms.

18.    <u>Severability</u>. If any paragraph, term, or provision of the Agreement is found, held, determined, or adjudicated to be invalid, illegal, unenforceable, or void for any reason, each such paragraph, term, or provision shall be considered separate and apart from the remainder of Agreement, and the validity of all other paragraphs, terms, and provisions hereof shall in no way be affected thereby.

19. <u>Amendments</u>. No change or modification of the Agreement shall be valid unless it is contained in writing and signed by all parties to this Agreement.

20. <u>No Waiver</u>. No provision of the Agreement may be waived except in a written instrument signed by all parties to this Agreement.  No waiver of any default with respect to any provision, condition, or requirement of the Agreement shall be deemed to be a continuing waiver in the future or a waiver of any other provision, condition, or requirement hereof, nor shall any delay or omission of either party to exercise any right hereunder in any manner impair the exercise of any such right accruing to it thereafter.

21. <u>Assignments</u>. No Party hereto may assign any of its rights or obligations hereunder without the prior written approval of the other Party hereto.

22. <u>Headings</u>. Headings provided herein are for convenience only and are not to serve as a basis for interpretation or construction of this Agreement.

23. <u>Counterparts and Signatures</u>. The Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but when taken together shall be considered one and the same agreement, it being understood that all Parties need not sign the same counterpart.  Facsimile or electronic signatures of a party shall be deemed originals for purposes of execution.  The signatories represent and warrant that they have full authority to enter into the Agreement on behalf of the person, entity, and/or entities for which they have signed.

**\* \* \* Signature Page Follows\* \* \***

EXECUTION COPY

Each Party has caused this Agreement to be duly executed and delivered as of the date set forth above.

PLA FOUR 107, LLC,
by and through 107 New Street Owner LLC

By: _____
   Name: JORDAN ENGELHARDT
   Title: AUTHORIZED SIGNATORY FOR
      107 NEW STREET OWNER LLC

PL AW FUNDING II LLC

By: _____
   Name: Jamie Barrett
   Title: On behalf of Managing Member

107 NEW STREET OWNER LLC

By: _____
   Name: JORDAN ENGELHARDT
   Title: AUTHORIZED SIGNATORY

AW RE BRIDGE CREDIT FUND, LLC

By: _____
   Name: Jamie Barrett
   Title: On behalf of Managing Member

8

EXHIBIT A

**FLECK ECKERT KLEIN McGARRY LLC**    ATTORNEYS FOR PLAINTIFF
A Foreign Limited Liability Company
BY: Scott M. Klein, Esquire
Attorney I.D. No. 404372022
BY: Sigmund J. Fleck, Esquire
Attorney I.D. No. 036191995
BY: Patrick J. Brennan, Esquire
Attorney I.D. No. 324952020
222 N. Walnut Street, 1st Floor
West Chester, Pennsylvania 19380
(484) 402-7802

| | |
|---|---|
| PL AW FUNDING II LLC<br>        Plaintiff<br>vs.<br><br>ARBOR PRIVATE LABEL, LLC,<br>WILMINGTON TRUST, NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR THE<br>BENEFIT OF BENEFICIAL OWNERS OF<br>ARBOR MULTIFAMILY MORTGAGE<br>SECURITIES TRUST 2022-MF4, PLA FOUR<br>107, LLC, THOMAS J. CALECA, PLAW 125<br>LLC, ANDREW BROWN, and TOWN TITLE<br>AGENCY<br>        Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>ESSEX COUNTY<br><br>CHANCERY DIVISION<br><br>CIVIL ACTION NO. ESX-C-000207-23 |

**STIPULATION DISMISSING COMPLAINT AND
COUNTERCLAIMS**

**WHEREAS**, on December 1, 2023, on motion of PL AW Funding II LLC and AW RE Bridge Credit Fund, LLC ("Plaintiff"), the instant case was commenced by the transfer from the Civil Part and the uploading of a complaint (the "Complaint") against Arbor Private Label, LLC, PLA Four 107, LLC, Thomas J. Caleca, PLAW 125 LLC, and Andew Brown (collectively, the "Initial Defendants"). The Complaint was amended by Amended Complaint filed December 14, 2023 and, after a 3rd party claim was filed by Arbor Private Label, LLC on January 10, 2024, by a Second Amended Complaint filed January 24, 2024 (the "2nd Amended Complaint"), and

**WHEREAS**, the 2nd Amended Complaint named additional defendants Wilmington Trust, National Association, as Trustee for the Benefit of Beneficial Owners of Arbor Multifamily Mortgage Securities Trust 2022-MF4 (the "Trust") and Town Title Agency ("TTA" and inclusive of the Trust and the Initial Defendants, collectively, the "Defendants"), and

**WHEREAS**, on February 29, 2024, defendants PLA Four 107, LLC, Thomas J. Caleca, and PLAW 125 LLC, through their undersigned counsel, filed an Answer to the 2nd Amended Complaint, and

**WHEREAS**, on March 12, 2024 defendants Arbor Private Label, LLC and the Trust, through their undersigned counsel, filed an Answer to the 2nd Amended Complaint and Cross-Claims against Thomas J. Caleca, Andrew Brown, PLA Four 107, LLC, and TTA (the "Arbor Cross-Claims"), and

**WHEREAS**, on March 18, 2024, TTA, through its undersigned counsel, filed an Answer to the 2nd Amended Complaint and the Arbor Cross-Claims (the "TTA Answer"), and

**WHEREAS**, Defendant Andrew Brown never filed an answer to the 2nd Amended Complaint; and

**WHEREAS**, in connection with the terms of this Stipulation, the parties hereto seek to dismiss the Complaint and Counterclaims in their entirety.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1.      Pursuant to the terms of the Stipulation and N.J. Ct. R. R. 4:37-1, the claims in the 2nd Amended Complaint against Arbor Private Label, LLC, the Trust, and PLA Four 107, LLC are hereby dismissed in their entirety, with prejudice.

2.      Pursuant to the terms of the Stipulation and N.J. Ct. R. R. 4:37-1, the Arbor Cross-Claims are hereby dismissed in their entirety, with prejudice.

3.      Pursuant to the terms of the Stipulation and N.J. Ct. R. R. 4:37-1, the claims in the 2nd Amended Complaint against PLAW 125 LLC, Thomas J. Caleca, and Andrew Brown are hereby dismissed in their entirety, without prejudice to any rights of Plaintiff regarding the 2nd Amended Complaint, or any judgment, claim, or other pending action Plaintiff may have against them.

4.      Nothing herein shall be deemed to dismiss or otherwise affect the claims against TTA in the 2nd Amended Complaint.

5.      The parties hereto shall pay their own costs and expenses incurred in relation to this proceeding.

6.       This stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

7.      Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

Dated: June __, 2025

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:_____
    Fred Stevens, Esq.
    Brendan M. Scott, Esq,
200 West 41st Street, 17th Floor
New York, New York 10036-7203

*Attorneys for Arbor Private Label, LLC and
Wilmington Trust, National Association, as
Trustee for the Benefit of Beneficial Owners of
Arbor Multifamily Mortgage Securities Trust
2022-MF4*

FLECK ECKERT KLEIN MCGARRY LLC

By:_____
    Scott M. Klein, Esq.
222 N. Walnut Street, 1st Floor
West Chester, PA 19380

*Attorneys for PL AW Funding II LLC and
AW RE Bridge Credit Fund LLC*

L'ABBATE, BALKAN, COLAVITA &
CONTINI, L.L.P

By:_____
    John R. Gonzo, Esq.
100 Eagle Rock Avenue, Suite 220 East
Hanover, New Jersey 07936

*Attorneys for Town Title Agency LLC*

WEBBER McGILL LLC

By:_____
    Douglas J. McGill, Esq.
100 E. Hanove Avenue, Suite 401
Cedar Knolls, NJ 07927

*Attorneys for PLA Four 107, LLC,
Thomas J. Caleca, and PLAW 125 LLC*

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PLA FOUR 107 LLC,<br><br><div align="right">Debtor.</div> | Chapter 11<br>Case No. 24-16217 (VFP) |
| PLA FOUR 107 LLC, by and through 107<br>NEW STREET OWNER LLC,<br><br><div align="right">Plaintiff,</div><br><div align="center">-against-</div><br>PL AW FUNDING II LLC, and<br>AW RE BRIDGE CREDIT FUND, LLC,<br><br><div align="right">Defendants/Third Party<br>Plaintiff,</div><br><div align="center">-against-</div><br>TOWN TITLE AGENCY, LLC,<br><br><div align="right">Third-Party Defendant.</div> | Adv. Pro. No. 24-01606 (VFP) |

**STIPULATION DISMISSING COMPLAINT AND
COUNTERCLAIMS WITH PREJUDICE**

**WHEREAS**, on October 24, 2024, PLA Four 107 LLC, by and through 107 New Street

Owner LLC ("Plaintiff"), by and through its counsel, filed an adversary complaint (the

"Complaint") against PL AW Funding II LLC and AW RE Bridge Credit Fund, LLC (collectively,

the "Defendants") [Adv. Pro. Docket No. 1] commencing the above-captioned adversary

proceeding (the "Adversary Proceeding"), and

**WHEREAS**, on November 22, 2024, the Defendants, through their undersigned counsel,

filed an Answer [Adv. Pro. Docket No. 7], and  asserted counterclaims against Plaintiff, and

**WHEREAS**, on December 6, 2024, the Defendants commenced a third-party action against Town Title Agency, LLC ("Town Title") in the Adversary Proceeding by filing a Third-Party Complaint [Adv. Pro. No. 11] (the "Third-Party Complaint"), which was amended on January 27, 2025 [Adv. Proc. No. 17] (the "Amended Thid-Party Complaint"), and

WHEREAS, on May 12, 2025, the Court entered an order dismissing the Third-Party Complaint without prejudice [Adv. Proc. No. 31]; and

**WHEREAS**, in connection with the terms of this Stipulation, the parties hereto seek to dismiss the Complaint and Counterclaims in their entirety with prejudice;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1.      Pursuant to the terms of the Stipulation and Fed. R. Civ. P. 41(a)(1)(A)(ii), made applicable herein pursuant to Fed. R. Bankr. P. 7041, the Complaint and Counterclaims are hereby dismissed in their entirety with prejudice.

2.      The parties hereto shall pay their own costs and expenses incurred in relation to the Adversary Proceeding.

3.      This stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

4.      For the avoidance of doubt, nothing herein is intended to prejudice or waive Defendants' right and ability to file a further amended complaint against Town Title in any court of competent jurisdiction.

5.      Any signature delivered by a party via electronic transmission shall be deemed an

original signature hereto.

Dated: June __, 2025

KLESTADT WINTERS JURELLER          FLECK ECKERT KLEIN MCGARRY LLC
SOUTHARD & STEVENS, LLP

By:_____              By:_____
   Fred Stevens                         Scott Klein, Esq.
   Brendan M. Scott                   222 N. Walnut Street, 1st Floor
200 West 41st Street, 17th Floor       West Chester, PA 19380
New York, New York 10036-7203

*Attorneys for Plaintiff 107 New Street Owner*     *Attorneys for PL AW Funding II LLC and*
*LLC Acting on Behalf of PLA Four 107 LLC's*      *AW RE Bridge Credit Fund LLC*
*Bankruptcy Estate*

EXHIBIT C

**TERMINATION OF DEED RESTRICTION AND NOTICE OF PURCHASE OPTION
AND RIGHT OF FIRST REFUSAL AGREEMENT**

**THIS TERMINATION OF DEED RESTRICTION AND NOTICE OF PURCHASE OPTION AND RIGHT OF FIRST REFUSAL AGREEMENT** is made as of the _____ day of May, 2025

**BY**   **PL AW FUNDING II, LLC,** having an address at 40 Morris Avenue, Suite 230, Bryn Mawr, Pennsylvania 19010 ("Grantee")

**TO**   **PLA FOUR 107, LLC, by and through 107 NEW STREET OWNER LLC,** having an address at 333 Earle Ovington Blvd., Suite 900, Uniondale, New York 11553 ("Grantor")

**WHEREAS**, Grantor and Grantee entered into the following agreements (collectively, the "Agreements") which, among other things, provide that Grantor granted and conveyed unto Grantee an exclusive and irrevocable right of first refusal and first option to purchase the Property (hereinafter defined):

Deed Restriction and Notice of Purchase Option dated September 23, 2021, made by PLA Four 107, LLC in favor of PL AW Funding II, LLC and recorded October 6, 2021, with the Essex County Register of Deeds and Mortgages as Instrument Number 2021121933; and

Right of First Refusal Agreement made by PLA Four 107, LLC in favor of PL AW Funding II, LLC dated August 7, 2023, and recorded August 10, 2023, with the Essex County Register of Deeds and Mortgages as Instrument Number 2023048124.

Such Agreements were filed against certain real property and improvements commonly known as 107 New Street, East Orange, New Jersey 07017 (the "Property"), as more particularly described on attached **Exhibit A**.

**NOW, THEREFORE**, Grantee, in consideration of Ten and 00/100 ($10.00) Dollars, lawful money of the United States, paid by Grantor and other good and valuable consideration, does hereby terminate the Agreements and forever discharge Grantor, its successors and assigns from all obligations, promises and agreements pursuant to, under and in connection with the Agreements filed against the Property.

**[SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF**, Grantor and Grantee have executed this Termination the day and year first above written.

> **PLA FOUR 107, LLC,**
> **by and through 107 NEW STREET**
> **OWNER LLC, Grantor**
>
> By:_____
>     Name:
>     Title:
>
>
>
> **PL AW FUNDING II,  LLC, Grantee**
>
>
> By:_____
>     Name:
>     Title:

## ACKNOWLEDGMENTS

STATE OF                                    )

COUNTY OF                              ) ss.:

    I CERTIFY that on _____ __, 2025_____, personally came before me and this person acknowledged under oath, to my satisfaction, that this person:

        (a)    was the marker of this instrument; and

        (b)    was authorized to and did execute this instrument as a _____ of PLA FOUR 107, LLC, by and through 107 NEW STREET OWNER, the entity named in this instrument; and

        (c)    executed this instrument as the act of the entity.


                  _____
                  Notary Public


STATE OF                                    )

COUNTY OF                              ) ss.:

    I CERTIFY that on _____ __, 2025_____, personally came before me and this person acknowledged under oath, to my satisfaction, that this person:

        (a)    was the marker of this instrument; and

        (b)    was authorized to and did execute this instrument as a _____ of PL AW FUNDING II, LLC, the entity named in this instrument; and

        (c)    executed this instrument as the act of the entity.


                  _____
                  Notary Public

## EXHIBIT A

BEGINNING at the corner formed by the intersection of the northwesterly sideline of North Oraton Parkway with the southwesterly sideline of New Street and running; thence

(1)    Along said north westerly sideline of North Oraton Parkway South 39 degrees 40 minutes 00 seconds West, 150.43 feet to a point; thence

(2)    North 54 degrees 41 minutes 00 seconds West, 184.37 feet to a point in the southeasterly sideline of North Munn Avenue; Thence

(3)    Along the same, North 35 degrees 14 minutes 00 seconds East, 150.00 feet to a point in said southwesterly sideline of New Street; thence

(4)    Along the same, South 54 degrees 41 minutes 00 seconds East, 196.00 feet to the point and place of BEGINNING

The above description being drawn in accordance with a survey prepared by Lantelme, Kurens & Associates, PC, dated September 14, 2015.

FOR INFORMATION PURPOSES ONLY: "In compliance with Chapter 157, Laws of 1977, premises herein is Lot(s) 1 in Block 251 on the City of East Orange Tax Map."

**TERMINATION OF DEED RESTRICTION AND NOTICE OF PURCHASE OPTION
AND RIGHT OF FIRST REFUSAL AGREEMENT**

========================================================================

**PL AW FUNDING II, LLC,**

**TO**

**PLA FOUR 107, LLC,
by and through 107 NEW STREET OWNER LLC**

========================================================================

Dated: May \_\_\_, 2025

**LOCATION OF PROPERTY**

Street Address:      107 New Street
                     East Orange, New Jersey

County:  Essex
State:   New Jersey
Block:   251
Lot:     1

========================================================================

RECORD AND RETURN TO: